**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **DOMINO'S PIZZA FRANCHISING LLC and DOMINO'S IP HOLDER LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**NARAYAN SWARUP DASJEE CORP., AXACT LLC, AXACT GAS & FOOD MART LLC, and KANWAR ARORA,**<br><br>**Defendants.** | **Case No. 1:15-cv-4609** |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs, Domino's Pizza Franchising LLC ("Domino's") and Domino's IP Holder LLC ("IP Holder"), by their attorneys, bring this Complaint against Defendants, Narayan Swarup Dasjee Corp. ("NSDC"), Axact LLC, Axact Gas & Food Mart LLC (Axact LLC and Axact Gas & Food Mart LLC are collectively referred to herein as "Axact"), and Kanwar Arora ("Arora"). In support of their Complaint, Plaintiffs state as follows:

### NATURE OF THE ACTION

1.      This is an action for trademark infringement and dilution under the trademark laws of the United States, for unfair competition, and for breach of contract. Domino's and IP Holder seek, among other things, a preliminary and permanent injunction (i) enjoining Axact's and Arora's wrongful and unlawful use of Domino's federally registered trademarks, and (ii) enforcing the post-termination obligations set forth in the License Agreement entered into by and between NSDC and Domino's. Domino's and IP Holder also seek damages for Defendants' infringing and other wrongful conduct, as well as the attorneys' fees and costs they have incurred and will incur in prosecuting this action, as provided by statute and the written License

Agreement that Domino's entered into with NSDC.

## THE PARTIES

2.     Domino's is a Delaware limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Ann Arbor, Michigan. Domino's and certain of its affiliates are engaged in the business of franchising the well-known pizza delivery businesses bearing the Domino's Pizza® name.

3.     IP Holder is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Washtenaw County, Michigan. IP Holder is the owner of the trademarks, trade names, trade dress and other intellectual property that is sublicensed by Domino's to Domino's Pizza franchisees for use in the operation of their respective franchised businesses.

4.     NSDC is an Illinois corporation with its principal place of business in Illinois. NSDC is a former Domino's franchisee which operated a Domino's Pizza store at 13500 S. Route 59 in Plainfield, Illinois.

5.     Axact LLC is an Illinois limited liability company with its principal place of business in Illinois. The sole member of Axact LLC is Arora, who is a resident and, upon information and belief, citizen of the State of Illinois. Axact LLC owns and/or operates a service station and convenience food mart located at 13500 S. Route 59 in Plainfield, Illinois.

6.     Axact Gas & Food Mart LLC is an Illinois limited liability company with its principal place of business in Illinois. The sole member of Axact Gas & Food Mart LLC is Arora. Axact Gas & Food Mart LLC owns and/or operates a service station and convenience food mart located at 13500 S. Route 59 in Plainfield, Illinois.

7.     Upon information and belief, Arora willfully, knowingly, and personally

participated in and/or had the ability to supervise, direct, and control the infringing activities alleged in this Complaint, and is therefore individually liable for the infringing activities described in this Complaint.

8.     Upon information and belief, Arora derived direct financial benefits from the infringing activities alleged in this Complaint.

## JURISDICTION AND VENUE

9.     This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and under the common-law.

10.     This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and 1367, in that this is a civil action involving claims arising under the laws of the United States, including an Act of Congress relating to trademarks, and wherein all other claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

11.     Venue is proper in this Court under 28 U.S.C. §1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district and Defendants reside in this judicial district.

## GENERAL ALLEGATIONS

### Domino's Registered Trademarks and Service Marks

12.     Domino's has developed, and is the sole and exclusive owner of, a distinctive and uniform system (the "Domino's System") relating to the establishment and operation of Domino's Stores, which specialize in the sale and delivery of pizza and related food products. The Domino's System is founded upon adherence to Domino's standards and policies, including

strict adherence to designated food and beverage specifications and to Domino's prescribed standards of quality, service and cleanliness in the operation of Domino's Stores.

13.     To identify the source, origin, and sponsorship of Domino's Stores and the products and services they offer, and to distinguish these Stores, products, and services from those established, made, offered, and sold by others, Domino's has extensively used certain trademarks, service marks, trade names, logos, emblems, and indicia of origin, including, but not limited to, the name and mark "Domino's®" (the "Domino's Marks").

14.     The Domino's Marks are registered on the Principal Register of the United States Patent and Trademark Office.  The registrations of the Domino's Marks continue in full force and effect, and all those eligible are incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

15.     Domino's and IP Holder have given notice to the public of the registration of the Domino's Marks as provided in 15 U.S.C. § 1111.  Domino's and IP Holder have further complied with all legal requirements to ensure that they remain the exclusive users of the Domino's Marks.

16.     Domino's and IP Holder have continuously used the Domino's Marks in interstate commerce in connection with the promotion, operation, and franchising of Domino's Stores and the promotion and sale of the products and services they offer throughout the United States since the dates of their registration.

17.     Domino's and IP Holder have the exclusive right to use and license the Domino's Marks and derivations thereof, as well as the distinctive Domino's System through which franchisees offer Domino's products to the public under the Domino's Marks.  Pursuant to Franchise or License Agreements entered into by and between Domino's and its authorized and

approved franchisees, Domino's grants franchises to qualified persons to own and operate Domino's Stores using the Domino's Marks and the Domino's System, but only in such manner and at such locations as are expressly authorized by Domino's.

18.     Domino's and its franchisees use the Domino's Marks as the marks and trade identity by which the products and services offered by Domino's and its franchisees are distinguished from other Stores and the products and services made and sold by them.

19.     Domino's and its authorized franchisees have extensively advertised and promoted Domino's Stores and the products and services they offer under the Domino's Marks throughout certain portions of the United States and through various media.  As a result of such efforts and the enormous money spent in connection therewith, the products and services offered by Domino's and its franchisees under the Domino's Marks have met with widespread public approval and have established demand and goodwill among consumers throughout the United States, including in Illinois.

**The Parties' Written Domino's License Agreement**

20.     On or about March 24, 2012, Domino's entered into a written Domino's Pizza Franchising LLC License Agreement (the "License Agreement") with NSDC pursuant to which Domino's granted NSDC a license to operate a Domino's Store at 13500 S. Route 59 in Plainfield, Illinois (the "Store") and to use the Domino's System and the Domino's Marks in connection therewith, all as fully set forth in the License Agreement.  (A true and correct copy of the License Agreement is annexed hereto as Exhibit A and incorporated herein by reference.)

21.     NSDC agreed that, upon termination of the License Agreement, it would, among other things: (i) immediately and permanently cease operating the Store and holding itself out to the public as being associated with the Domino's System; and (ii) immediately and permanently

cease using any marks, trade secrets, signs, symbols, devices, trade names, confidential methods, or other materials associated with or belonging to Domino's.

22.     Section 17 of the License Agreement provides that, if any action is commenced to enforce Domino's rights or NSDC's obligations under the Agreement, Domino's shall be entitled to recover such reasonable attorney's fees as Domino's incurs together with court costs and expenses of litigation.

<b>Domino's Termination of The Franchise Agreement<br>and NSDC's Breaches of Its Post-Termination Obligations</b>

23.     Domino's terminated the License Agreement for cause in December 2013, and NSDC ceased operating its Domino's Pizza Store on December 28, 2013.

24.     Notwithstanding the termination of the License Agreement, NSDC has failed to de-identify the Store so it no longer appears to be associated with Domino's.  To the contrary, Domino's Marks remain (a) on the road sign for NSDC's former Domino's store, (b) on the exterior signs of the building, (c) on interior counters and walls where NSDC formerly operated its Domino's store, and (d) on other branded items (such as aprons) located where NSDC formerly operated its Domino's store.

25.     Domino's has at all times complied with and fully performed all of its obligations under the License Agreement.

<b>Axact's and Arora's Infringement of the Domino's Marks</b>

26.     Although neither Axact nor Arora have any right, license, or authorization to use the Domino's Marks, Axact and Arora are using the Domino's Marks in connection with the operation of their convenience food mart at 13500 S. Route 59 in Plainfield, Illinois, are marketing and promoting their convenience food mart through the use of the Domino's Marks, are holding their convenience food mart out to the public as an authorized Domino's Store, and

are passing-off their convenience food mart and the unapproved products offered by their convenience food mart as being authorized by Domino's when they are not. In particular, Axact and Arora are using the Domino's Marks without authorization (a) on the road sign for their convenience food mart, (b) on the exterior signs of the building, (c) on interior counters and walls at the convenience food mart that they are currently operating (and where NSDC formerly operated its Domino's store), and (d) on other branded items (such as aprons) located at the convenience food mart they are currently operating (and where NSDC formerly operated its Domino's store).

27.     Defendants' use of the Domino's Marks is without the license or consent of Domino's and has caused or is likely to cause mistake, confusion, or deception in the minds of the public as to source, affiliation and sponsorship.

28.     The products provided by Defendants using the Domino's Marks are offered to the same class of consumers as those who patronize authorized Domino's stores. Upon seeing the familiar Domino's Marks through Defendants' unauthorized use thereof, consumers will be deceived into concluding that Defendants' convenience food mart, and the products and services offered and sold in connection therewith, are subject to Domino's supervision, are sponsored or endorsed by Domino's, and bear the Domino's Marks pursuant to Domino's authority and permission.

29.     So long as Defendants continue to use the Domino's Marks in connection with the operation of their convenience food mart, consumers have no practical way of knowing that Defendants' convenience food mart is not affiliated with, or sponsored, authorized, or endorsed by, Domino's. As a result, any consumer dissatisfaction with Defendants' convenience food

mart, or with the products and services offered in connection therewith, will be attributed to Domino's and the entire Domino's network.

30.     Defendants have received actual notice of their violation and infringement of the Domino's Marks and have constructive notice of Domino's rights in the Marks and the registrations thereof pursuant to 15 U.S.C. § 1072. Defendants' continued infringement is willful, malicious, fraudulent, and deliberate.

## COUNT I

## LANHAM ACT - TRADEMARK INFRINGEMENT

31.     Domino's and IP Holder repeat and reallege ¶¶ 1 through 30 of their Complaint as and for this ¶ 31, as if fully set forth herein.

32.     Axact's and Arora's acts, practices, and conduct constitute an infringing use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of the Domino's Marks, and Defendants' sale, offering for sale, distribution, or advertising of goods and services under the Domino's Marks, or any designs similar thereto, is likely to cause confusion or mistake or to deceive the public in violation of 15 U.S.C. § 1114(l).

33.     Axact and Arora have profited from their acts of infringement. Domino's and IP Holder are entitled to recover Defendants' profits arising from the infringement, any damages sustained by Domino's and IP Holder arising from said infringement, as well as the costs of this action. Domino's and IP Holder are also entitled to an enhanced award of profits and/or damages to fully and adequately compensate them for Defendants' infringement.

34.     As a direct and proximate result of Axact's and Arora's infringement, Domino's and IP Holder have been and are likely to be substantially injured in their businesses, including their goodwill and reputations, resulting in lost revenues and profits and diminished goodwill.

35.     Domino's and IP Holder have no adequate remedy at law because the Domino's Marks are unique and represent to the public Domino's identity, reputation, and goodwill, such that damages alone cannot fully compensate Domino's and IP Holder for Axact's and Arora's misconduct.

36.     Unless enjoined by the Court, Axact and Arora will continue to use and infringe the Domino's Marks, to Domino's and IP Holder's irreparable injury.   This threat of future injury to Domino's and IP Holder's business identities, goodwill, and reputations requires injunctive relief to prevent Axact's and Arora's continued use of the Domino's Marks and to ameliorate and mitigate Domino's and IP Holder's injury.

## COUNT II

## LANHAM ACT - UNFAIR COMPETITION

37.     Domino's and IP Holder repeat and reallege ¶¶ 1 through 36 of their Complaint as and for this ¶ 37, as if fully set forth herein.

38.     Axact's and Arora's acts, practices, and conduct constitute unfair competition, false designation of origin, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the parties' goods, services, and commercial activities, all in violation of 15 U.S.C § 1125(a).

39.     Axact and Arora have profited from their acts of false designation of origin and unfair competition.   Domino's and IP Holder are entitled to recover Defendants' profits arising from their conduct, any damages sustained by Domino's and IP Holder arising from said conduct, as well as the costs of this action.   Domino's and IP Holder are also entitled to an

enhanced award of profits and/or damages to fully and adequately compensate them for Defendants' infringement.

40.     As a direct and proximate result of Axact's and Arora's unfair competition, Domino's and IP Holder have been and are likely to be substantially injured in their businesses, including their goodwill and reputations, resulting in lost revenues and profits and diminished goodwill.

41.     Domino's and IP Holder have no adequate remedy at law because the Domino's Marks are unique and represent to the public Domino's identity, reputation, and goodwill, such that damages alone cannot fully compensate Domino's and IP Holder for Axact's and Arora's misconduct.

42.     Unless enjoined by the Court, Axact and Arora will continue to compete unfairly with Domino's, to Domino's and IP Holder's irreparable injury.  This threat of future injury to Domino's and IP Holder's business identities, goodwill, and reputations requires injunctive relief to prevent Axact's and Arora's continued unfair competition and to ameliorate and mitigate Domino's and IP Holder's injury.

## COUNT III

## LANHAM ACT – TRADEMARK DILUTION

43.     Domino's and IP Holder repeat and reallege ¶¶ 1 through 42 of their Complaint as and for this ¶ 43, as if fully set forth herein.

44.     The Domino's Marks are famous marks that are distinctive because they are widely recognized by the general consuming public as designations of Domino's.

45.     Axact's and Arora's acts, practices, and conduct constitute an infringing use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of the Domino's

Marks, and Axact's and Arora's sale, offering for sale, distribution or advertising of non-conforming goods under the Domino's Marks causes dilution of the distinctive quality of the Domino's Marks, in violation of 15 U.S.C. § 1125(c).

46.     Axact and Arora have profited from their acts of dilution.  Domino's and IP Holder are entitled to recover Defendants' profits arising from their conduct, any damages sustained by Domino's and IP Holder arising from said conduct, as well as the costs of this action.  Domino's and IP Holder are also entitled to an enhanced award of profits and/or damages to fully and adequately compensate them for Defendants' infringement.

47.     As a direct and proximate result of Axact's and Arora's conduct, Domino's and IP Holder have been and are likely to be substantially injured in their business, including their goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

48.     Domino's and IP Holder have no adequate remedy at law because the Domino's Marks are unique and represent to the public Domino's identity, reputation, and goodwill, such that damages alone cannot fully compensate Domino's and IP Holder for Axact's and Arora's misconduct.

49.     Unless enjoined by the Court, Axact and Arora will continue to use and dilute the Domino's Marks, to Domino's and IP Holder's irreparable injury.  This threat of future injury to Domino's and IP Holder's business identities, goodwill, and reputations requires injunctive relief to prevent Axact's and Arora's continued dilution of the Domino's Marks and to ameliorate and mitigate Domino's and IP Holder's injuries.

## COUNT IV

## <u>VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT</u>

50. Domino's and IP Holder repeat and reallege ¶¶ 1 through 49 of their Complaint as and for this ¶ 50, as if fully set forth herein.

51. Axact's and Arora's infringement of the Domino's Marks constitutes, *inter alia*, use of a false designation of origin or a false or misleading representation, which wrongfully and falsely designates, describes and represents Axact's and Arora's convenience food mart as being sponsored by, approved by, or connected with Domino's, and is likely to cause confusion as to Axact's and Arora's affiliation, connection or association with Domino's.

52. Axact's and Arora's acts constitute deceptive trade practices in violation of 815 ILCS 510/2.

53. As a direct and proximate result of Axact's and Arora's deceptive trade practices, Domino's and IP Holder have been and are likely to be substantially injured in their business, including their goodwill and reputations, resulting in lost revenues and profits, and diminished goodwill.

54. Domino's and IP Holder will be irreparably injured if Axact and Arora are permitted to operate their convenience food mart using the Domino's Marks and Domino's and IP Holder have no adequate remedy at law because the Domino's Marks are unique and represent to the public Domino's and IP Holder's identities, reputations, and goodwill, such that damages alone cannot fully compensate Domino's and IP Holder for Axact's and Arora's misconduct.

55. Unless enjoined by the Court, Axact's and Arora's misconduct will continue, to Domino's and IP Holder's irreparable injury. This threat of future injury to Domino's and IP Holder's business identities, goodwill, and reputations requires injunctive relief to prevent

Axact's and Arora's continued misconduct, and to ameliorate and mitigate Domino's and IP Holder's injuries.

## COUNT V

## BREACH OF CONTRACT – POST TERMINATION OBLIGATIONS

56.     Domino's and IP Holder repeat and reallege ¶¶ 1 through 55 of their Complaint as and for this ¶ 56, as if fully set forth herein.

57.     NSDC has failed and refused to perform its post-termination obligations under the License Agreement, including its obligation to de-identify its former franchised Domino's Store.

58.     Unless ordered by the Court to perform its post-termination obligations under the License Agreement, NSDC will continue to breach its post-termination obligations.

59.     Unless NSDC is ordered to perform its post-termination obligations under the License Agreement, Domino's is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill, for which Domino's has no adequate remedy at law.

60.     This threat of future injury to Domino's business identity, goodwill, and reputation requires that NSDC be ordered to perform its post-termination obligations under the License Agreement to prevent NSDC's continued breach and to ameliorate and mitigate Domino's injury.

## PRAYER FOR RELIEF

**WHEREFORE,** Domino's and IP Holder respectfully pray for the following relief against Defendants:

1.  A preliminary and permanent injunction enjoining Axact LLC, Axact Gas & Food Mart LLC, Kanwar Arora, and their agents, servants, and employees, and those people in active concert or participation with them, from:

    a.    Using the Domino's Marks or any trademark, service mark, logo, or trade name that is confusingly similar to the Domino's Marks;

    b.    Otherwise infringing the Domino's Marks or using any similar designation, alone or in combination with any other components;

    c.    Passing off any of their products or services as those of Domino's or its authorized franchisees;

    d.    Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their business, products, or services;

    e.    Causing a likelihood of confusion or misunderstanding as to their affiliation, connection, or association with Domino's and its franchisees or any of Domino's products or services; and

    f.    Unfairly competing with Domino's or its franchisees in any manner;

2.  An Order directing NSDC immediately to perform its post-termination obligations under the License Agreement, including, without limitation, its obligation to de-identify its former franchised Domino's Store;

3.  An Order pursuant to 15 U.S.C. § 1118 that all labels, signs, prints, packages, wrappers, receptacles, uniforms, logo items, and advertisements in the possession of Axact LLC,

Axact Gas & Food Mart LLC, Kanwar Arora, and their affiliates, subsidiaries, officers, agents, servants, and employees, and those people in active concert or participation with them, bearing the Domino's Marks, and all plates, molds, and other means of making the same, if any, be delivered to Domino's at Defendants' cost;

4.      That Axact LLC, Axact Gas & Food Mart LLC, and Kanwar Arora be required promptly to eliminate their advertising under the Domino's Marks or any other confusingly similar designations from all media, including, but not limited to, newspapers, flyers, coupons, promotions, signs, telephone books, telephone directory assistance listings, and mass mailings, all at Defendants' cost;

5.      That Defendants be required to file with the Court and to serve upon Domino's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order;

6.      That Axact LLC, Axact Gas & Food Mart LLC, and Kanwar Arora account and pay over to Domino's and IP Holder all gains, profits, and advantages derived by them as a result of their infringement of the Domino's Marks, trademark dilution, and unfair competition to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117, and by the controlling principles of common law;

7.      That Axact LLC, Axact Gas & Food Mart LLC, and Kanwar Arora pay to Domino's and IP Holder such damages as Domino's and IP Holder have sustained by reason of said trademark infringement, trademark dilution, and unfair competition; and that, because of the willful nature of said infringement, the Court enter judgment for Domino's and IP Holder for

three times the amount of said damages, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §

1117;

8.     That NSDC pay to Domino's such damages as Domino's has sustained by reason

of NSDC's breaches of contract;

9.     An award of the costs and expenses, including reasonable attorneys' fees,

incurred by Domino's and IP Holder in connection with this action as provided for by statute and

the parties' License Agreement; and

10.     Such other and further relief as the Court deems just and proper.


**DOMINO'S PIZZA FRANCHISING LLC and
DOMINO'S IP HOLDER LLC**

By:     /s/ John A. Hughes
             One of their attorneys

Norman M. Leon (#6239480)
John A. Hughes (#6275159)
**DLA PIPER LLP (US)**
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
Phone:  (312) 368-4000
Facsimile:  (312) 236-7516